FLATO et al. v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. June 23, 1904.)

1. JUDGMENT—FAILURE OF PLAINTIFF TO PROVE CAUSE OF ACTION—FORM OF JUDGMENT.

> Under Laws 1902, p. 1561, c. 580, § 249, providing that judgment that an action be dismissed on the merits with costs may be rendered where the court is of the opinion that plaintiff is not entitled to recover as a matter of law, such a judgment should be entered in an action for injuries wherein the court finds for defendant on the merits.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by David Flato and another against the Interurban Street Railway Company. From a judgment in favor of plaintiffs, defendant appeals. Modified and affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Henry L. Franklin, for appellant.
Henry W. Goddard and William E. Weaver, for respondents.

MacLEAN, J. According to his testimony, the plaintiff's driver when west of Fifty-Seventh street, and driving easterly, saw the car of the defendant one-half a block away, approaching rapidly, and, so driving on his way, the wagon was struck in the middle, to its great injury and the shivering of its load of plate glass. Another witness testified, with some adjustments and readjustments, to the positions and movements of the respective vehicles. Then the plaintiff rested, and the learned justice, with whom rested the credibility of their testimony, either disbelieving one or both of the witnesses, who were not at agreement, or believing that they had testified to too much, found for the defendant upon the merits; whereupon judgment, with costs, was rendered for the defendant. The finding was justifiable. The judgment would better be modified so as to run, "Judgment that the action be dismissed upon the merits, with costs." Municipal Court Act, § 249, Laws 1902, p. 1561, c. 580.

Judgment modified so as to read: Judgment that the action be dismissed upon the merits, with costs, and, as modified, affirmed, with costs on this appeal to the respondent. All concur.